UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Darryl Buchanan,<br><br>                Plaintiff,<br>v.<br><br>EOS CCA; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: 4:13-cv-40013<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Darryl Buchanan, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Darryl Buchanan ("Plaintiff"), is an adult individual residing in Fitchburg, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant EOS CCA ("EOS"), is a Massachusetts business entity with an address of 700 Longwater Drive, Norwell, Massachusetts 02061, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by EOS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. EOS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $173.00 (the "Debt") to Verizon Wireless (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to EOS for collection, or EOS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. EOS Engages in Harassment and Abusive Tactics

12. Within the last year, Defendants placed up to three calls a day to Plaintiff at his residential telephone in an attempt to collect the Debt, which is past statute of limitations.

13. During the initial communication and during each subsequent communication, Plaintiff informed Defendants that his only source of income was social security benefits and that he had no ability to pay the Debt.

14. Despite the foregoing, Defendants continued to place up to three calls a day to Plaintiff in an attempt to collect the Debt, at times calling Plaintiff after having previously spoken with Plaintiff that same day. These calls were made with the intent to annoy and harass

the Plaintiff and in contravention of Massachusetts regulation which forbid more than 2 calls a week to collect debts.

15. Additionally, on several occasions, Defendants contacted Plaintiff's parents after they had spoken with Plaintiff.

16. On numerous occasions, after Plaintiff stated that he could not pay the Debt at the moment, Defendants insisted that Plaintiff borrow money from friends and family.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

21. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

30. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

31. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

33. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 18, 2013

                Respectfully submitted,

                By  */s/ Sergei Lemberg*

                Sergei Lemberg (BBO# 650671)
                LEMBERG & ASSOCIATES L.L.C.
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile:  (203) 653-3424
                Attorneys for Plaintiff